NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 29, 2014[*]
Decided September 29, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2027

| | |
|---|---|
| RODNEY JAMES HOPKINS, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> MILWAUKEE SECURE DETENTION <br> FACILITY, et al., <br> *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 13-C-1019 <br><br> Rudolph T. Randa, <br> *Judge.* |

**O R D E R**

Rodney Hopkins, a Wisconsin inmate, appeals the dismissal of his complaint under 42 U.S.C. § 1983 alleging that the warden and medical staff at Milwaukee Secure Detention Facility acted with deliberate indifference when they ignored his requests

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

five years earlier to treat his chronic obstructive pulmonary disease, causing him to lose a lung. At screening, the district court dismissed Hopkins' complaint as frivolous because he failed to exhaust administrative remedies. We affirm.

As set forth in his complaint, the allegations of which we accept as true for purposes of our review, *see Brumfield v. City of Chicago*, 735 F.3d 619, 622 (7th Cir. 2013), Hopkins was denied treatment for chronic obstruction pulmonary disease during the first three weeks of his detention at the facility because, medical staff told him, they could not locate his medical records. On January 22, 2008, Hopkins filed an administrative grievance protesting his lack of treatment. Staff at the facility did not acknowledge the submission of the grievance until February 13, however, and, treating the grievance as pertaining to a specific incident that occurred on January 22, rejected it as untimely because more than 14 days had elapsed since the incident. *See* WIS. ADMIN. CODE DOC § 310.09(6). After Hopkins began coughing up blood, he was taken to a hospital on February 17 and his left lung was removed later that week. Because he was in the hospital, Hopkins did not appeal the rejection of his grievance.

More than two years later, in April 2010, Hopkins brought a § 1983 suit for deliberate indifference against the facility's warden and other staff. Judge Griesbach granted summary judgment against him because he failed to exhaust administrative remedies by administratively appealing the rejection of his grievance. *See Hopkins v. Husz*, No. 10-C-291, 2011 WL 2463549 (E.D. Wis. June 21, 2011). Hopkins did not appeal this judgment.

In 2013, Hopkins filed a second administrative grievance relating to the lack of treatment he received in 2008. Because the grievance pertained to events that occurred more than fourteen days before the grievance was filed, it was rejected as untimely, and this decision was upheld on administrative review.

In September 2013, Hopkins brought a second § 1983 suit renewing his claim of deliberate indifference against the facility's warden and staff based on the events in 2008. Judge Randa screened Hopkins' complaint, *see* 28 U.S.C. § 1915A, and dismissed it as frivolous for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a). The district court based its dismissal on, among other things, attachments that Hopkins had included with his second § 1983 complaint plainly showing that his 2013 grievance was untimely, having been filed well beyond the fourteen-day period prescribed by Wisconsin law. The court later denied Hopkins's motion for reconsideration, explaining that it was precluded from considering any arguments relating to his attempt in 2008 to

exhaust administrative remedies because they had been addressed in Judge Griesbach's prior summary judgment ruling.

On appeal, Hopkins generally challenges the district court's ruling that it was precluded from reviewing his efforts in 2008 to exhaust administrative remedies. But as the court explained, Hopkins contested this issue in his first § 1983 suit, and is therefore barred from addressing it here by the doctrine of issue preclusion, which prevents the relitigation of an issue, already decided and essential to the judgment in prior litigation, by a party represented in that litigation. *See Matrix IV, Inc. v. Am. Nat'l Bank and Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011).

The district court was also correct to dismiss Hopkins's second § 1983 complaint on exhaustion grounds. As the court noted, the face of the complaint and its attachments show that the administrative grievance that Hopkins filed in 2013 did not comply with state law because he did not file it within fourteen days of the underlying conduct. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner must adhere to state procedures and time limits for administrative grievances to exhaust his remedies, otherwise he could sidestep the administrative grievance system entirely by filing an untimely grievance and then contending that he had exhausted administrative remedies. *Pozo*, 286 F.3d at 1023–24.

AFFIRMED.